Barry M. Viuker, Chief Disciplinary Counsel, Albuquerque, for Board.

Howard L. Everidge, Phoenix, pro se.

730 P.2d 1185

**In the Matter of Howard L. EVERIDGE Attorney At Law.**

**No. 14879.**

Supreme Court of New Mexico.

June 2, 1983.

## OPINION

In May 1982, Howard L. Everidge (Everidge), an attorney admitted to practice in New Mexico, was served with a Specification of Charges alleging a number of instances of misconduct arising out of his representation of a client in a wrongful death action.

It was alleged that in April 1980, Everidge had accepted $6,900.00 from a client to be used as costs in connection with a wrongful death case which arose the accidental death of the client's husband. Everidge was also alleged to have agreed with the client that he would ultimately reimburse her for the costs from his share of any recovery and that if there was no recovery, he would repay her the $6,900.00. It was further alleged that Everidge never placed this money in a trust account, but instead proceeded to use it for personal and business-related expenses. Everidge then had allegedly moved to Arizona without notice to his client before completing any meaningful work or incurring any costs in connection with the case, thereby forcing his client to seek other counsel to complete the litigation. Finally, it was alleged that

none of the $6,900.00 had ever been returned to the client.

Everidge admitted that he received and spent the $6,900.00 but claimed that it was simply an interest-free loan to him in exchange for his agreement to accept the client's case on a 25% contingency fee basis. He acknowledged that the money had not been repaid but insisted that he intended to repay it when he could afford to do so.

Everidge further maintains that the Disciplinary Board (Board) is obligated to honor an agreement between the former chief disciplinary counsel and himself, whereby he was to received a private informal admonition pursuant to NMSA 1978, Supreme Court Rules Governing Discipline, Rule 4(a), 6. Therefore, Everidge claims that he should be given an informal admonition for this conduct, as he was offered by the former chief disciplinary counsel and had orally agreed to accept it. Although the admonition was never formally issued, he contends that the Board and this Court are without jurisdiction to proceed, since this matter was to have been disposed of by this agreement.

■ When the former chief disciplinary counsel resigned his position prior to the administration of the informal admonition, Everidge's file was forwarded to the acting disciplinary counsel. The file was still an "open" file in that the admonition had not been issued. It was reviewed by the chairman of the Board, who directed that further investigation be undertaken. NMSA 1978, Supreme Court Rules Governing Discipline, Rule 8(b), directs that "upon his own motion, the chairman of the board may order an investigation *at any time.* (emphasis added)." We find that the chairman's order to the disciplinary counsel to conduct further investigation of a pending matter was within his power under Rule 8(b).

Thereafter, a hearing was held before the Board's hearing committee in October 1982. The hearing committee found that the money had been a loan to Everidge but that he had failed to disclose to the client all facts necessary to enable her to decide if this arrangement would be beneficial to her interests. It further found that Everidge was in violation of NMSA 1978, Code of Professional Responsibility, Rule 7-101(A)(3) (Repl.Pamp.1982), by "damag[ing] his client during the course of the professional relationship * * * " and NMSA 1978, Code of Professional Responsibility, Rule 1-102(A)(6) (Repl.Pamp.1982), by "engaging in other conduct that adversely reflects on his fitness to practice law." The hearing committee recommended that Everidge be placed on probation and be ordered to return a portion of the $6,900.00 to the client.

A panel of the Board then reviewed this matter pursuant to NMSA 1978, Supreme Court Rules Governing Discipline, Rule 8(b)(3)(i). The panel partially adopted the findings of the hearing committee but rejected the hearing committee's finding that the $6,900.00 was a loan to Everidge. The panel found that the money was an advance for costs and should have been placed in a trust account with unexpended portions returned to the client. The panel also found as erroneous the hearing committee's findings that Everidge was not in violation of certain rules. In addition, the panel found that Everidge was in violation of NMSA 1978, Code of Professional Responsibility, Rules 1-102(A)(4), 2-110(A)(3), 5-101(A), 5-103(A), 5-104(A), 9-102(B)(3) and 9-102(B)(4) (Repl.Pamp.1982).

Although the findings and the recommendation of the Board's panel differ from the findings and recommendation of the hearing committee, Rule 8(i) allows the Board to disapprove the findings of a hearing committee for errors of law or lack of supporting evidence and to recommend discipline appropriate to the approved findings. The Board's panel correctly followed this Rule.

The Board recommended to the New Mexico Supreme Court that Everidge be suspended from the practice of law for at

least one (1) year with reinstatement conditional upon full restitution to the client and a showing that he had taken and passed the Multi-State Professional Responsibility Examination.

On May 11, 1983, a hearing was held before the New Mexico Supreme Court to determine whether the Board's findings and recommendation should be upheld. Counsel for the Board and Everidge appeared.

■ Everidge claims that his current problems with the Board are simply the result of an accident of fate in that the former chief disciplinary counsel resigned before admonishing him and argues that he should not be punished for past acts that arose out of his lack of experience. We determine that Everidge is not before this Court because of an accident of fate but because he took $6,900.00 from his client on the pretense of needing it to cover the costs of her litigation and then converted it to his own use.

We also note Everidge's apparent lack of concern about refunding the $6,900.00 to his client. He claims to have offered to repay the money by installment but acknowledges he has tendered no payments to her. He also admits that in the lawsuit brought against him by the client, he has denied owing her any money. We find this attitude reprehensible.

We adopt the findings of the Board and follow its recommendation. Everidge is hereby suspended from the practice of law in all courts of the State of New Mexico for a period of not less than one (1) year beginning May 11, 1983. At the end of this period, Everidge may move for reinstatement only upon a showing that he has made restitution to the client in the amount of $6,900.00, that he has taken and passed the Multi-State Professional Responsibility Examination with a score set by this Court under the Rules for Admission to the New Mexico State Bar and that he has paid all outstanding costs.

Costs of this action are assessed against Everidge in the amount of $1,512.92.

IT IS SO ORDERED.